Affirmed, in Part, and Dismissed, in Part, and Memorandum Opinion filed
November 13, 2003















Affirmed, in
Part, and Dismissed, in Part, and Memorandum Opinion filed November 13, 2003

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-01240-CR

_______________

 

JACK LYNN
BERRY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_____________________________________________

 

On Appeal from 184th District Court

Harris County, Texas

Trial Court Cause No. 702,163

_____________________________________________

 

M E M O R A N D U M   O P I N I O N

 

            Appellant Jack Lynn Berry appeals
his conviction for indecency with a child. 
In six issues, appellant contends his community supervision conditions
were unconstitutional and void, the trial court improperly admitted testimony
during his punishment hearing, and his sentence constitutes cruel and unusual
punishment.  Because all dispositive issues are clearly settled in law, we issue
this memorandum opinion.  See Tex.
R. App. P. 47.4.  We affirm, in
part, and dismiss, in part.

Background

            Appellant pled nolo
contendre to the offense of indecency with a child
and, pursuant to a plea bargain, was placed on deferred adjudication for ten
years.  The State later filed a motion to
adjudicate appellant’s guilt, alleging appellant had unsupervised contact with
a minor in violation of a term of his community supervision.  Appellant pled not true to the
allegation.  After a hearing, the trial
court found appellant guilty of indecency with a child and assessed punishment
at twenty years’ confinement.  

Conditions of Community Supervision

            In his first and second issues,
appellant argues the trial court violated his due process rights by conducting
a hearing on the State’s motion to adjudicate guilt because the only community
supervision condition the State accused appellant of violating was
unconstitutional and void.  It is well
settled that an appellant may not appeal from a trial court’s determination to
proceed with an adjudication of guilt.  Tex. Code Crim.
Proc. Ann. Art. 42.12 § 5(b) (Vernon Supp. 2003); Connolly v. State,
983 S.W.2d 738, 741 (Tex. Crim. App. 1999).  This prohibition includes challenges to the
validity of community supervision conditions claims involving denial of due
process.  Connolly, 983 S.W.2d at 740–41 (citing Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim.
App. 1992)); Phynes v. State, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992).  We
do not have jurisdiction to consider appellant’s issues one and two.  Accordingly, we dismiss that portion of this
appeal pertaining to issues one and two.

Admission of Statements 

            In his third issue, appellant
contends the trial court erred in admitting testimony during the punishment
hearing about incriminating statements appellant made to a polygraph
examiner.  A condition of appellant’s
probation required him to participate in a polygraph examination.  During the punishment hearing, the polygraph
examiner testified over appellant’s objection that appellant had admitted to a
history of sexual fantasies about children and admitted he had victimized
approximately fifteen to twenty children. 
Appellant claims his statements were not made freely and voluntarily,
and, therefore, their admission violated his constitutional right to due
process.  Specifically, appellant claims
that his admissions were not the product of free will because he was required
to submit to a polygraph exam or be subject to arrest and a revocation hearing.

            A person may not be compelled to
make an incriminating statement.  U.S. Const. amend.
V.  However, this privilege against
self-incrimination must be invoked in all but a few specific situations in
order for a defendant to claim his statement was compelled.  Chapman v. State, 115 S.W.3d 1, 6 (Tex. Crim. App. 2003).  Appellant does not claim, nor has he offered
any evidence that he invoked his right against self-incrimination before he
told the polygraph examiner about his previous victims.  Therefore, we must determine whether the
facts of this case fall within “the classic penalty situation” which relieves a
defendant of the obligation to assert his Fifth Amendment privilege.  See id.

            In the classic penalty situation, a
person is threatened with punishment for asserting his privilege against
self-incrimination, depriving him of his choice to refuse to answer.  Id. (citing Garrity v. New Jersey, 385 U.S. 493, 496 (1967)).  In the context
of a probation situation, “The critical inquiry is whether a state has gone
beyond merely requiring a probationer to appear and speak on matters relevant
to his probationary status, or ‘whether [it goes] further and require[s] him to
choose between making incriminating statements and jeopardizing his conditional
liberty by remaining silent.’”  Id. at 7–8
(quoting Minnesota v. Murphy, 465 U.S. 420, 436
(1984)).  In Murphy, the Supreme Court held that a probation condition requiring
a probationer to be truthful with his probation officer did not present a
classic penalty situation.  Murphy, 465 U.S. at
439.  In making this determination, the
Court considered the following factors: (1) the obligation was similar to the
obligation of a trial witness compelled to appear who must answer truthfully
under penalty of perjury, or assert his Fifth Amendment privilege; (2) the
probation terms were silent as to the consequences should a probationer assert
his Fifth Amendment privilege; (3) there was no evidence the incriminating
statements were made because the probationer was threatened with revocation;
and (4) even if the probationer believed his probation could be revoked for
invoking the privilege, this belief would not have been objectively reasonable
because the State cannot carry out a threat to revoke probation for invoking
the privilege.  Murphy, 465 U.S. at 436–39.

            In this case, there is no indication
that anyone expressly or impliedly stated that appellant’s probation would be
revoked if he exercised his privilege against self-incrimination.  His probation condition required him to
submit to a polygraph examination, but here, as in Murphy, there was no mention of the consequences of invoking his
Fifth Amendment privilege during that examination.  See id.
at 437. 
Further, appellant did not claim that he made the incriminating
statements because he was threatened with probation revocation.  Both appellant and the polygraph examiner
testified that appellant told the examiner the number of his victims.  Neither testified that appellant’s statement
was in response to a direct question, or that appellant was expressly informed
that refusing to divulge the incriminating information would result in the
imposition of a penalty.  See id. at
437–38.  In fact, the polygraph examiner
testified that he told appellant he was free to leave the examination at any
time.  Additionally, any belief by
appellant that his probation would be revoked for invoking his Fifth Amendment
right would not have been objectively reasonable because the State could not
legitimately revoke his probation for that reason.  See id.
at 438.  Because
there is no evidence appellant would have been subject to an automatic penalty
had he invoked his Fifth Amendment right, appellant was required to assert the
privilege.  Chapman, 115 S.W.3d at 11.  Because he did not invoke this right,
appellant’s statement was not compelled within the meaning of the Fifth
Amendment.  Id. at 3.  Therefore, we
hold the trial court did not err in admitting testimony of appellant’s
statements to the polygraph examiner.  Accordingly,
we overrule appellant’s third issue. 

Cruel
and Unusual Punishment

 

 class=Section2>

            In his fourth and fifth issues,
appellant claims the trial court erred in sentencing him to twenty years’
confinement because the sentence constitutes cruel and unusual punishment in
violation of the Texas and
Federal Constitutions.  In order to
preserve error for appellate review, an appellant must raise the complaint in
the trial court.  Tex. R. App. P. 33.1(a).  Appellant did not object to the sentence
either when it was announced or in a post-trial motion.  By failing to raise any complaint in the
trial court, appellant has waived this issue. 
Nicholas v. State, 56 S.W.3d
760, 768 (Tex. App.—Houston [14th Dist.] 2001,
pet. ref’d) (citing Stewart v. LaGrand, 526 U.S. 115,
119 (1999)).  Accordingly, appellant’s
fourth and fifth issues are overruled.

            In conclusion, that portion of the
appeal pertaining to appellant’s issues one and two is
dismissed for want of jurisdiction.  The
judgment of the trial court with respect to issues three, four, and five is
affirmed.  

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed November 13, 2003.

Panel
consists of Chief Justice Brister and Justices
Anderson and Seymore.

Do Not
Publish — Tex. R. App.
P. 47.2(b).