JUSTICE LACY, with whom JUSTICE KOONTZ joins,
dissenting.
In denying the petition for appeal, the majority states that Orbe’s circumstances are “legally indistinguishable” from that in Stewart v. LaGrand, 526 U.S. 115 (1999). In my opinion, the circumstances are both factually and legally different.
Unlike LaGrand, where the issue was whether death by the administration of any poisonous gas was cruel and inhuman punishment, Orbe is complaining that the specific chemical protocol of the lethal injection to be used is the constitutional offender, not lethal injection per se. Moreover, the defendant in LaGrand affirmatively elected the specific method of execution of which he then complained. Contrary to the view taken by the majority, Orbe did not elect a method of execution.
The majority’s rationale is that by not exercising his right to select the method of execution, Orbe effectively selected his method of execution and, thus, waived his right to challenge the constitutionality of that method. I disagree.
Code § 53.1-234, in pertinent part, states: “The method of execution shall be chosen by the prisoner. In the event the prisoner refuses to make a choice at least fifteen days prior to the scheduled execution, the method of execution shall be by lethal injection.” The majority would add language to the statute to the effect that if “the prisoner refuses to make a choice ... he shall be deemed to have selected lethal injection.” “But, courts are not permitted to add language to a statute nor are they permitted to accomplish the same result by judicial interpretation.” Shackleford v. Commonwealth, 262 Va. 196, 213, 547 S.E.2d 899, 909 (2001) (internal quotation marks omitted); see also Burlile v. Commonwealth, 261 Va. 501, 511, 544 S.E.2d 360, 365 (2001). Rather, when the language of a statute is unambiguous, courts are bound by the plain meaning of that language and may not assign a construction that amounts to holding that the General Assembly did not mean what it actually has stated. Williams v. Commonwealth, 265 Va. 268, 271, 576 S.E.2d 468, 470 (2003).
The plain meaning of Code § 53.1-234 is that where the prisoner fails to make the selection between the two available methods of exe *565 cution within the required time, the Commonwealth makes the selection of the method of execution. In the absence of an affirmative act by the prisoner, there can be no waiver of the right to challenge the constitutionality of the method of execution. Were this not the case, then the rationale expressed by the majority would result in the inability of a prisoner to challenge this statute under any circumstances. Accordingly, I would hold that Orbe has not waived his right to challenge the constitutionality of the method of his execution.
The majority further holds that “a declaratory judgment action is not a substitute for an appeal or collateral attack upon conviction.” While I agree that this is a correct statement of the law with regard to declaratory judgments, the majority misconstrues Orbe’s request for declaratory judgment. Orbe expressly states that he is not challenging the legality of his conviction and sentence, but rather that he is challenging the specific chemical protocol of the lethal injection to be used to carry out that sentence.
Similarly, the majority’s assertion that “[t]he issue Orbe presents in his declaratory judgment action should have been raised before the trial court in Orbe’s criminal case and on direct appeal from that judgment,” is unavailing in my opinion. I recognize that in LaGrand, the Court held that the defendant’s failure to raise the question of the constitutionality of lethal gas as a method of execution was barred by his failure to raise that claim at the time of his direct appeal. However, at the time of LaGrand’s trial, lethal gas was the only method of execution in use in Arizona. LaGrand, 526 U.S. at 117. The Court further noted that
there was sufficient debate about the constitutionality of lethal gas executions that Walter LaGrand cannot show cause for his failure to raise this claim. Arguments concerning the constitutionality of lethal gas have existed since its introduction as a method of execution in Nevada in 1921. In the period immediately prior to Walter LaGrand’s direct appeal, a number of states were reconsidering the use of execution by lethal gas, and two United States Supreme Court Justices had expressed their views that this method of execution was unconstitutional. In addition, lethal gas executions have been documented since 1937, when San Quentin introduced it as an execution method, and studies of the effect of execution by lethal gas date back to the 1950s.
LaGrand, 526 U.S. at 119-20 (internal citations omitted).
*566 Here, the record shows that the debate about the efficacy of the specific chemical protocol of the lethal injection has only recently arisen. Moreover, the Commonwealth only provided Orbe with the particulars of the protocol less than a month ago. Thus, even assuming that Orbe could have raised his challenge to the method of execution at trial, but see People v. Bradford, 929 P.2d 544, 578 (Cal. 1999) (holding that a challenge on direct appeal to the legality of the method of execution for a death sentence must be “rejected out of hand” because it does not challenge “the validity of the sentence itself”), under these circumstances I would hold that there was “cause and prejudice to excuse the default,” LaGrand, 526 U.S. at 117, arising from his failure to do so.
In the case of Nelson v. Campbell, 347 F.3d 910 (11th Cir.), cert. granted, _U.S. _, 124 S.Ct. 835 (2003), presently on review before the United States Supreme Court, the principal issue to be determined is whether a prisoner may challenge the method of his execution through a civil proceeding. While I recognize that the issues in Nelson relate to federal law and the federal constitution, the similarity of that case to the circumstances and procedures here are undeniable.
Given that “[t]he awesome severity of a sentence of death makes it qualitatively different from all other sanctions,” Satterwhite v. Texas, 486 U.S. 249, 262 (1987) (Marshall, J. concurring), and cognizant of the fact that the forthcoming decision in Nelson may inform our decision, I believe that the proper course in this case would be to grant the appeal and award a stay of execution, so that the Court might have time to more fully explore the issues raised herein. Accordingly, I respectfully dissent.
This order shall be certified to the said circuit court.
A Copy,
Teste:
[[Image here]]
Patricia H. Krueger, Clerk