COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

NOS. 2-06-442-CR 

2-06-443-CR 

2-06-444-CR

 

 

WILLIAM CARL WOOLEY                                                      APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 297TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant William Carl Wooley
appeals his sentences for aggravated sexual assault of a child, sexual assault
of a child, and prohibited sexual conduct.[2]  In one point, appellant complains that the
sentences are disproportionate and constitute cruel and unusual punishment.

To preserve a complaint for our review, a party must have
presented to the trial court a timely request, objection, or motion that states
the specific grounds for the desired ruling if they are not apparent from the
context of the request, objection, or motion.[3]  Further, the trial court must have ruled on
the request, objection, or motion, either expressly or implicitly, or the
complaining party must have objected to the trial court=s refusal to rule.[4]
 The fact
that appellant=s argument
rests upon the constitutional ground of cruel and unusual punishment does not
excuse him of the necessity of preserving error for appellate review.[5]









Here, appellant did not
object to his sentences in the trial court or in a post-trial motion, and, in
fact, he concedes that error was not preserved. 
Appellant, therefore, has waived any complaint that his sentences are
disproportionate or constitute cruel and unusual punishment.

Accordingly, we overrule
appellant=s point and
affirm the trial court=s
judgment.  

PER CURIAM

PANEL F: 
CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

DELIVERED: 
October 18, 2007 

 











[1]See Tex. R. App. P. 47.4.





[2]A
jury sentenced appellant to life, twenty years, and ten years in prison, to be
served concurrently, and three ten thousand dollar fines. 





[3]Tex. R.
App. P. 33.1(a)(1); Mosley
v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S.
1070 (1999).  





[4]Tex. R.
App. P. 33.1(a)(2); Mendez
v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). 





[5]Stewart
v. LaGrand, 526 U.S. 115, 119, 119 S. Ct. 1018, 1020 (1999)
(holding that appellant waived Eighth Amendment complaint); Rhoades v. State,
934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding complaint of cruel and
unusual punishment under Texas Constitution was waived); Curry v. State,
910 S.W.2d 490, 496 n.2 (Tex. Crim. App. 1995) (stating that constitutional
errors may be waived); Crawford v. State, No. 02-04-00299-CR, 2005 WL
1477958, at *4 (Tex. App.CFort
Worth June 23, 2005, pet. ref=d) (mem. op., not designated
for publication) (holding appellant waived claim of disproportionate sentence
by not objecting after sentence was imposed, in a motion for new trial, or in
any other post-verdict motion).