COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS. 2-06-442-CR 

2-06-443-CR 

2-06-444-CR

WILLIAM CARL WOOLEY APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant William Carl Wooley appeals his sentences for aggravated sexual assault of a child, sexual assault of a child, and prohibited sexual conduct.
(footnote: 2)  In one point, appellant complains that the sentences are disproportionate and constitute cruel and unusual punishment.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.
(footnote: 3)  
Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court’s refusal to rule.
(footnote: 4) 
 The fact that appellant’s argument rests upon the constitutional ground of cruel and unusual punishment does not excuse him of the necessity of preserving error for appellate review.
(footnote: 5) 

Here, appellant did not object to his sentences in the trial court or in a post-trial motion, and, in fact, he concedes that error was not preserved.  Appellant, therefore, has waived any complaint that his sentences are disproportionate or constitute cruel and unusual punishment.

Accordingly, we overrule appellant’s point and affirm the trial court’s judgment.  

PER CURIAM

PANEL F:  CAYCE, C.J.; LIVINGSTON and HOLMAN, JJ.

DO NOT PUBLISH 

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 18, 2007
 

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
A jury sentenced appellant to life, twenty years, and ten years in prison, to be served concurrently, and three ten thousand dollar fines. 

3:
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).  

4:
Tex. R. App. P.
 33.1(a)(2); 
Mendez v. State
, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). 

5:
Stewart v. LaGrand
, 526 U.S. 115, 119, 119 S. Ct. 1018, 1020 (1999) (holding that appellant waived Eighth Amendment complaint); 
Rhoades v. State
, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding complaint of cruel and unusual punishment under Texas Constitution was waived); 
Curry v. State
, 910 S.W.2d 490, 496 n.2 (Tex. Crim. App. 1995) (stating that constitutional errors may be waived);
 
Crawford v. State
, No. 02-04-00299-CR, 2005 WL 1477958, at *4 (Tex. App.—Fort Worth June 23, 2005, pet. ref’d) (mem. op., not designated for publication) (holding appellant waived claim of disproportionate sentence by not objecting after sentence was imposed, in a motion for new trial, or in any other post-verdict motion).