

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-438-CR

DAVID DWAYNE SOUTHARD                                                    APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

------------

FROM CRIMINAL DISTRICT COURT NO.1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant David Dwayne Southard appeals from a judgment adjudicating his guilt for the offense of aggravated assault with a deadly weapon[2] and sentencing him to three years' confinement. In a single point, Southard argues that his sentence violates the doctrine of proportionality and therefore

---

[1] *See* Tex. R. App. P. 47.4.

[2] Aggravated assault with a deadly weapon is a second-degree felony with a punishment range of two to twenty years' confinement and up to a $10,000 fine. Tex. Penal Code Ann. §§ 12.33, 22.02(b) (Vernon Supp. 2009).

constitutes cruel and unusual punishment as prohibited by both the United States and Texas constitutions.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070 (1999). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).

Here, Southard did not object to his sentence in the trial court or in a post-trial motion. The fact that Southard's argument rests upon the constitutional ground of cruel and unusual punishment does not excuse him of the necessity to preserve error for appellate review. *Stewart v. LaGrand*, 526 U.S. 115, 119, 119 S. Ct. 1018, 1020 (1999) (holding that appellant waived Eighth Amendment complaint); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding that complaint of cruel and unusual punishment under Texas constitution was waived); *Curry v. State*, 910 S.W.2d 490, 496 n.2 (Tex. Crim. App. 1995) (stating that constitutional errors may be waived);

2

*Wooley v. State*, Nos. 02-06-00442-CR, 02-06-00443-CR, 02-06-00444-CR, 2007 WL 3037932, at *1 (Tex. App.—Fort Worth Oct. 18, 2007, pet. dism'd, untimely filed) (mem. op., not designated for publication) (holding that appellant waived claim of disproportionate sentence by not objecting after sentence was imposed, in a motion for new trial, or in any other post-verdict motion); *Crawford v. State*, No. 02-04-00299-CR, 2005 WL 1477958, at *4 (Tex. App.—Fort Worth June 23, 2005, pet. ref'd) (mem. op., not designated for publication) (same). Southard, therefore, has forefeited any complaint that his sentence is disproportionate or constitutes cruel and unusual punishment. *See Stewart*, 526 U.S. at 119, 119 S. Ct. at 1020; *Rhoades*, 934 S.W.2d at 120; *Curry*, 910 S.W.2d at 496 n.2; *Wooley*, 2007 WL 3037932, at *1; *Crawford*, 2005 WL 1477958, at *4. Accordingly, we overrule Southard's sole point and affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 25, 2009

3