COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-438-CR

 

 

DAVID DWAYNE SOUTHARD                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO.1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant
David Dwayne Southard appeals from a judgment adjudicating his guilt for the
offense of aggravated assault with a deadly weapon[2]
and sentencing him to three years= confinement.  In a single point, Southard argues that his
sentence violates the doctrine of proportionality and therefore constitutes
cruel and unusual punishment as prohibited by both the United States and Texas
constitutions. 

To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R.
App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim.
App. 1998) (op. on reh=g), cert. denied, 526
U.S. 1070 (1999).  Further, the trial
court must have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court=s
refusal to rule.  Tex. R. App. P.
33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004).








Here,
Southard did not object to his sentence in the trial court or in a post-trial
motion.  The fact that Southard=s
argument rests upon the constitutional ground of cruel and unusual punishment
does not excuse him of the necessity to preserve error for appellate
review.  Stewart v. LaGrand, 526
U.S. 115, 119, 119 S. Ct. 1018, 1020 (1999) (holding that appellant waived
Eighth Amendment complaint); Rhoades v. State, 934 S.W.2d 113, 120 (Tex.
Crim. App. 1996) (holding that complaint of cruel and unusual punishment under
Texas constitution was waived); Curry v. State, 910 S.W.2d 490, 496 n.2
(Tex. Crim. App. 1995) (stating that constitutional errors may be waived); Wooley
v. State, Nos. 02-06-00442-CR, 02-06-00443-CR, 02-06-00444-CR, 2007 WL
3037932, at *1 (Tex. App.CFort Worth Oct. 18, 2007, pet.
dism=d,
untimely filed) (mem. op., not designated for publication) (holding that
appellant waived claim of disproportionate sentence by not objecting after
sentence was imposed, in a motion for new trial, or in any other post-verdict
motion); Crawford v. State, No. 02-04-00299-CR, 2005 WL 1477958, at *4
(Tex. App.CFort Worth June 23, 2005, pet.
ref=d) (mem.
op., not designated for publication) (same). 
Southard, therefore, has forefeited any complaint that his sentence is
disproportionate or constitutes cruel and unusual punishment.  See Stewart, 526 U.S. at 119, 119 S.
Ct. at 1020; Rhoades, 934 S.W.2d at 120; Curry, 910 S.W.2d at 496
n.2; Wooley, 2007 WL 3037932, at *1; Crawford, 2005 WL 1477958,
at *4.  Accordingly, we overrule Southard=s sole point
and affirm the trial court=s
judgment.

 

PER CURIAM

 

PANEL: WALKER, J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: November 25, 2009











[1]See Tex. R. App. P. 47.4.





[2]Aggravated assault with a
deadly weapon is a second-degree felony with a punishment range of two to
twenty years= confinement and up to a
$10,000 fine.  Tex. Penal Code Ann. '' 12.33, 22.02(b)
(Vernon Supp. 2009).