

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-223-CR

DOMINIQUE BRADLEY                                                APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Dominique Bradley entered an open plea of guilty to the offense of aggravated robbery with a deadly weapon, and the trial court sentenced him to nine years' confinement. In one point, Bradley argues that his sentence is disproportionate to the offense committed, thus constituting cruel and unusual punishment prohibited by the Eighth Amendment. We will affirm.

------------

[1]... *See* Tex. R. App. P. 47.4.

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a)(1); *Mosley v. State*, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied,* 526 U.S. 1070 (1999). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. Tex. R. App. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004). An appellant claiming a disproportionate sentence is not excused from the necessity of preserving error for appellate review. *See Stewart v. LaGrand*, 526 U.S. 115, 119, 119 S. Ct. 1018, 1020 (1999) (holding that appellant waived Eighth Amendment complaint); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding complaint of cruel and unusual punishment under Texas Constitution waived); *Curry v. State*, 910 S.W.2d 490, 496 n.2 (Tex. Crim. App. 1995) (stating that constitutional errors may be waived); *Crawford v. State*, No. 02-04–00299-CR, 2005 WL 1477958, at *4 (Tex. App.—Fort Worth June 23, 2005, pet. ref'd) (mem. op., not designated for publication) (holding appellant waived claim of disproportionate sentence by not objecting after sentence was imposed, in a motion for new trial, or in any other post-verdict motion).

2

Here, Bradley did not raise a disproportionate punishment complaint when the trial court imposed his sentence, in a motion for new trial, or in any other type of post-verdict motion. Accordingly, Bradley has forfeited his complaint that his sentence is disproportionate. *See Crawford*, 2005 WL 1477958, at *4. We overrule Bradley's point and affirm the trial court's judgment.

PER CURIAM

PANEL: MEIER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: December 17, 2009

3