COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-223-CR

 

 

DOMINIQUE BRADLEY                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant
Dominique Bradley entered an open plea of guilty to the offense of aggravated
robbery with a deadly weapon, and the trial court sentenced him to nine years=
confinement.  In one point, Bradley
argues that his sentence is disproportionate to the offense committed, thus
constituting cruel and unusual punishment prohibited by the Eighth
Amendment.  We will affirm.








To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R.
App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim.
App. 1998) (op. on reh=g), cert. denied, 526
U.S. 1070 (1999).  Further, the trial
court must have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court=s
refusal to rule.  Tex. R. App. P.
33.1(a)(2); Mendez v. State, 138 S.W.3d 334, 341 (Tex. Crim. App.
2004).  An appellant claiming a
disproportionate sentence is not excused from the necessity of preserving error
for appellate review.  See Stewart v.
LaGrand, 526 U.S. 115, 119, 119 S. Ct. 1018, 1020 (1999) (holding that
appellant waived Eighth Amendment complaint); Rhoades v. State, 934
S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding complaint of cruel and unusual
punishment under Texas Constitution waived); Curry v. State, 910 S.W.2d
490, 496 n.2 (Tex. Crim. App. 1995) (stating that constitutional errors may be
waived); Crawford v. State, No. 02-04B00299-CR,
2005 WL 1477958, at *4 (Tex. App.CFort
Worth June 23, 2005, pet. ref=d) (mem.
op., not designated for publication) (holding appellant waived claim of
disproportionate sentence by not objecting after sentence was imposed, in a
motion for new trial, or in any other post-verdict motion).








Here,
Bradley did not raise a disproportionate punishment complaint when the trial
court imposed his sentence, in a motion for new trial, or in any other type of
post-verdict motion.  Accordingly,
Bradley has forfeited his complaint that his sentence is disproportionate.  See Crawford, 2005 WL 1477958, at
*4.  We overrule Bradley=s point
and affirm the trial court=s
judgment.

 

PER CURIAM

 

PANEL:  MEIER, WALKER, and
MCCOY, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 17, 2009











[1]See Tex. R. App. P. 47.4.