

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

NO. 2-09-137-CR

SHEILA LYNN BURNS                                 APPELLANT

V.

THE STATE OF TEXAS                                     STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In two issues, appellant Sheila Lynn Burns contends that her twenty-year sentence for possession of four or more but less than two hundred grams of methamphetamine with intent to deliver is disproportionate and cruel and unusual, and that it was outside the authority of the presentence investigation officer to recommend a term of years in prison. Neither of these complaints was preserved at trial. *See* Tex. R. App. P. 33.1(a)(1); *Rhoades v. State*, 934

---

[1] *See* Tex. R. App. P. 47.4.

S.W.2d 113, 120 (Tex. Crim. App. 1996); *Sanchez v. State*, 222 S.W.3d 85, 89–90 (Tex. App.—Tyler 2006, no pet.); *Wooley v. State*, Nos. 02-06-00442-CR, 02-06-00443-CR, 02-06-00444-CR, 2007 WL 3037932, at *1 (Tex. App.—Fort Worth Oct. 18, 2007, pet. dism'd, untimely filed) (mem. op., not designated for publication); *see also Stewart v. LaGrand*, 526 U.S. 115, 119–20, 119 S. Ct. 1018, 1021 (1999) (holding that Eighth Amendment complaint can be procedurally defaulted).[2]

Accordingly, we overrule both points and affirm the trial court's judgment.

PER CURIAM

PANEL: LIVINGSTON, DAUPHINOT, and MEIER, JJ.

DAUPHINOT, J. concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 14, 2010

---

[2] Moreover, even if appellant had preserved these complaints, the sentence was within the range of punishment for the offense, and this court has held that it is not improper for the author of a presentence investigation report to make a sentencing recommendation. *See Burchfield v. State*, 02-08-00435-CR, 2009 WL 2462511, at * 2 (Tex. App.—Fort Worth Aug. 13, 2009, no pet.) (mem. op., not designated for publication); *Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd); *see* Tex. Health & Safety Code Ann. § 481.115(d) (Vernon Supp. 2009); Tex. Penal Code Ann. § 12.33(a) (Vernon Supp. 2009).