COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

 

                                        NO.
2-09-137-CR

 

 

SHEILA LYNN BURNS                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








In two
issues, appellant Sheila Lynn Burns contends that her twenty-year sentence for
possession of four or more but less than two hundred grams of methamphetamine
with intent to deliver is disproportionate and cruel and unusual, and that it
was outside the authority of the presentence investigation officer to recommend
a term of years in prison.  Neither of
these complaints was preserved at trial. 
See Tex. R. App. P. 33.1(a)(1); Rhoades v. State, 934
S.W.2d 113, 120 (Tex. Crim. App. 1996); Sanchez v. State, 222 S.W.3d 85,
89B90 (Tex.
App.CTyler
2006, no pet.); Wooley v. State, Nos. 02-06-00442-CR, 02-06-00443-CR,
02-06-00444-CR, 2007 WL 3037932, at *1 (Tex. App.CFort
Worth Oct. 18, 2007, pet. dism=d,
untimely filed) (mem. op., not designated for publication); see also Stewart
v. LaGrand, 526 U.S. 115, 119B20, 119
S. Ct. 1018, 1021 (1999) (holding that Eighth Amendment complaint can be
procedurally defaulted).[2]

Accordingly,
we overrule both points and affirm the trial court=s
judgment.

PER CURIAM 

 

PANEL:  LIVINGSTON, DAUPHINOT,
and MEIER, JJ.

 

DAUPHINOT, J. concurs without opinion.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  January 14, 2010











[1]See Tex. R. App. P. 47.4.





[2]Moreover, even if
appellant had preserved these complaints, the sentence was within the range of
punishment for the offense, and this court has held that it is not improper for
the author of a presentence investigation report to make a sentencing
recommendation.  See Burchfield v.
State, 02-08-00435-CR, 2009 WL 2462511, at * 2 (Tex. App.CFort Worth Aug. 13, 2009,
no pet.) (mem. op., not designated for publication); Moore v. State, 54
S.W.3d 529, 542 (Tex. App.CFort Worth 2001, pet. ref=d); see Tex.
Health & Safety Code Ann. ' 481.115(d) (Vernon Supp. 2009); Tex. Penal Code
Ann. ' 12.33(a) (Vernon
Supp. 2009).