

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00012-CR

_____

ADRIAN LERONE THOMAS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court No. 1320823D

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Adrian Lerone Thomas entered an open plea of guilty to the offense of aggravated sexual assault on a minor.[1]  After hearing testimony and reviewing a presentence investigation report, the trial court sentenced Thomas to twenty-five years' imprisonment.  Thomas argues that his sentence is disproportionate to the offense committed, thus constituting cruel and unusual punishment prohibited by the Eighth Amendment.  We find that error has not been preserved and affirm the judgment of the trial court.

To preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context of the request, objection, or motion.  TEX. R. APP. P. 33.1(a)(1); *Harrison v. State*, 187 S.W.3d 429, 433 (Tex. Crim. App. 2005).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule.  TEX. R. APP. P. 33.1(a)(2); *Mendez v. State*, 138 S.W.3d 334, 341, 343 n.33 (Tex. Crim. App. 2004).

An appellant claiming a disproportionate sentence is not excused from the necessity of error preservation. *See Stewart v. LaGrand*, 526 U.S. 115, 119 (1999) (holding that appellant waived Eighth Amendment complaint); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996).  We have reviewed the records of the trial proceeding, and Thomas made no request, objection, or motion complaining of a disproportionate sentence.  And, while this Court has held

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).  We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue.  *See* TEX. R. APP. P. 41.3.

that a motion for new trial is an appropriate way to preserve this type of claim for review, *see Williamson v. State*, 175 S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no pet.); *Delacruz v. State*, 167 S.W.3d 904 (Tex. App.—Texarkana 2005, no pet.), no motion for new trial raising such an issue was filed in this case.

Here, Thomas did not raise a disproportionate punishment complaint when the trial court imposed his sentence, in a motion for new trial, or in any other type of post-verdict motion. Accordingly, Thomas has forfeited his complaint that his sentence is disproportionate. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009 pet. ref'd). We also recognize that a reviewing court should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g) (per curiam); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd).

We overrule Thomas's point and affirm the trial court's judgment.


Jack Carter
Justice


Date Submitted:    June 24, 2014
Date Decided:     July 2, 2014

Do Not Publish

3