

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00035-CR

_____

CEDRIC BERNARD CARLDWELL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 42773-B

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

Cedric Bernard Carldwell shot and killed Huey Gray. He pled guilty to the murder and, following a bench trial on punishment, was sentenced to life imprisonment.[1] On appeal, Carldwell argues that the imposition of a life sentence, while within the range of punishment prescribed by statute, "bec[a]me a disproportionate sentence in view of . . . a plea of guilty." Thus, Carldwell contends that the life sentence violated the Eighth Amendment prohibition against cruel and unusual punishment, which was made applicable to state criminal prosecutions by the Due Process Clause of the Fourteenth Amendment. *See* U.S. CONST. amend. VIII. Because we find that Carldwell has failed to preserve his sole point of error for our review, we affirm the trial court's judgment.

Rule 33.1 of the Texas Rules of Appellate Procedure mandates:

As a prerequisite to presenting a complaint for appellate review, the record must show that:

    (1)    the complaint was made to the trial court by a timely request, objection, or motion that:

        (A)    stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

. . . .

    (2)    the trial court:

        (A)    ruled on the request, objection, or motion, either expressly or implicitly; or

---

[1] Carldwell also entered a plea of true to the State's enhancement paragraph, which alleged that he was previously convicted of the offense of possession of a prohibited weapon.

(B)    refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

TEX. R. APP. P. 33.1(a).

A claim that a sentence is disproportionate is not excused from the requirements of error preservation. *See Stewart v. LaGrand*, 526 U.S. 115, 119 (1999) (per curiam); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). Thus, "[a] constitutionality challenge based on application to the defendant's case cannot be raised for the first time on appeal." *Fluellen v. State*, 104 S.W.3d 152, 167 (Tex. App.—Texarkana 2003, no pet.) (citing *Briggs v. State*, 789 S.W.2d 918, 923 (Tex. Crim. App. 1990); *Smith v. State*, 10 S.W.3d 48, 49 (Tex. App.—Texarkana 1999, no pet.)); *see Garcia v. State*, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994).

Our review of the appellate record demonstrates that Carldwell failed to raise a complaint that his sentence was disproportionate with the trial court. While Carldwell could have raised this issue in his motion for new trial, his motion for new trial made no mention of any claim of cruel and unusual punishment or disproportionate sentence. *See Williamson v. State*, 175 S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no pet.) (citing *Delacruz v. State*, 167 S.W.3d 904, 905 (Tex. App.—Texarkana 2005, no pet.)).

As a reviewing court, we should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g) (per curiam); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). Accordingly, because it is not preserved for our review, we overrule Carldwell's sole point of error on appeal.

3

Consequently, we affirm the trial court's judgment.


                                        Bailey C. Moseley
                                        Justice

Date Submitted:     October 9, 2015
Date Decided:       October 13, 2015

Do Not Publish