No. 18-6145

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Oct 31, 2018

DEBORAH S. HUNT, Clerk

EDMUND ZAGORSKI,                           )
                                           )
    Plaintiff-Appellant,                   )
                                           )
v.                                         )
                                           )          O R D E R
BILL HASLAM, in his official capacity as   )
Governor; TONY PARKER, in his official     )
capacity as Commissioner of Tennessee      )
Department of Corrections; TONY MAYS, in his )
official capacity as Warden of Riverbend   )
Maximum Security Prison,                    )
                                           )
    Defendants-Appellees.                  )
                                           )

BEFORE:  COLE, Chief Judge; COOK and GRIFFIN, Circuit Judges.

The plaintiff, Edmund Zagorski, is a Tennessee capital prisoner whose execution is scheduled to proceed on Thursday, November 1, 2018, at 7:00 pm.  He brought this prisoner civil rights action challenging his imminent execution, pleading three counts:  1) that the state of Tennessee has coerced him into choosing a cruel and unusual method of punishment, in violation of the Eighth and Fourteenth Amendments; 2) that death in Tennessee's electric chair is cruel and unusual, in violation of the Eighth Amendment; and 3) that the state of Tennessee violates his right to access the court by permitting only one attorney to be present and restricting that attorney's telephone access during the execution.  In initial screening, the district court granted Zagorski pauper status and dismissed Counts I and II as frivolous pursuant to 28 U.S.C. § 1915(e)(2).  With respect to the third count, the district court directed the state to respond, and

subsequently ordered that the execution not proceed unless the attorney-witness is provided immediate access to a telephone during the time preceding and during the execution.

The district court denied Zagorski's motion to reconsider the dismissal of Counts I and II and certified that judgment as final under Federal Rule of Civil Procedure 54(b). Zagorski appealed and filed an emergency motion to stay his execution along with an appellate brief. The state defendants respond in opposition to the motion to stay and, under extremely truncated circumstances, have filed their appellee brief at the direction of this court. They have not cross-appealed the district court's order with respect to Count III. When presented with a situation such as this, our rules permit us to address and decide the merits of a case on a motion to stay. 6th Cir. R. 22(c)(3)(B).

The motion to stay the execution is governed by the usual injunctive criteria, in which the court assesses four factors. *Nken v. Holder*, 556 U.S. 418, 434 (2009). The factors guiding the court's consideration are: (1) whether the movant has a likelihood of success on the merits; (2) whether the movant will suffer irreparable harm in the absence of a stay; (3) whether the requested stay will substantially injure other interested parties; and (4) where the public interest lies. *Id*. The stay factors "are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Serv. Emps. Int'l Union Local 1 v. Husted*, 698 F.3d 341, 343 (6th Cir. 2012) (per curiam) (citation omitted).

While the obvious harm weighs in Zagorski's favor, it is not dispositive when there is no likelihood of success on the merits of the challenge, and in execution protocol challenges, likelihood of success is often the determinative factor. *In re Ohio Execution Protocol Litig. (Campbell v. Kasich)*, 881 F.3d 447, 449 (6th Cir. 2018). Here, there is no likelihood of success.

We have carefully reviewed the district court's sua sponte dismissal of these claims, Zagorski's motion, and the parties' respective briefing, and find this late-hour appeal to be meritless. To prevail on his coercion claim (count I), Zagorski would have to show that he was coerced to waive *his constitutional right against electrocution*—and a challenge to the constitutionality of electrocution is precisely the one we are bound to conclude Zagorski waived. *See Stanford v. Parker*, 266 F.3d 442, 462 (6th Cir. 2001) ("[W]e need not consider whether electrocution is cruel and unusual punishment because, for that issue to be relevant, Stanford would first have to waive it.") (citing *Stewart v. LaGrand*, 526 U.S. 115 (1999)). His standalone Eighth Amendment challenge to his electrocution (count II) fails for the same reason. *Id.*

For these reasons, we deny the motion to stay the execution and affirm the district court's judgment.

COOK, Circuit Judge, concurring. We review a district court's dismissal under 28 U.S.C. § 1915(e)(2) de novo. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). A frivolous complaint under Section 1915(e)(2) "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

With respect to Count I of his complaint, Zagorski alleged that Tennessee "coerced and compelled" him to choose between two unconstitutional choices: electrocution or lethal injection. On its face, this presents exactly the sort of "clearly baseless" factual contention that Section 1915(e) permits us to dismiss. *Id.* at 324–25. Tennessee's lethal injection protocol comports with what the Supreme Court blessed as constitutional in *Glossip v. Gross*, 135 S. Ct. 2726, 2739–40 (2015). *See also In re Ohio Execution Protocol Litig.*, 881 F.3d 447, 449 (6th Cir. 2018). Thus, Zagorski could not have been forced to choose "between two unconstitutional choices." Recognizing this, the district court correctly dismissed this count.

As to Count II, the district court noted that *Stewart v. LaGrand*, 526 U.S. 115 (1999), foreclosed Zagorski from challenging the constitutionality of his chosen manner of execution. Zagorski's contention that *Glossip* altered *LaGrand*'s rule has "no arguable basis . . . in law" and presents a similarly frivolous argument. *Neitzke*, 490 U.S. at 325.

For these reasons, I would dismiss the appeal outright.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk