

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00138-CR

MICHELLE LEE HAYES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 17-0327X

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Having been placed earlier on deferred adjudication community supervision[1] for a period of ten years and ordered to pay a $2,500.00 fine, Michelle Lee Hayes judicially confessed to violating the terms and conditions of her deferred adjudication community supervision by consuming alcohol. As a result, the trial court adjudicated her guilt and sentenced her to fifteen years' imprisonment.

In her sole point of error on appeal, Hayes argues that her sentence violates the Eighth Amendment to the United States Constitution because it is grossly disproportionate to the crime. We find this issue unpreserved. However, because there was no plea agreement in this case, we modify the trial court's judgment to delete the reference to a plea bargain. We affirm the trial court's judgment, as so modified.

Hayes admitted that she violated the terms and conditions of her deferred adjudication community supervision by consuming alcohol. On appeal, she argues that her sentence was grossly disproportionate to the crime she committed because she was addicted to alcohol and because revocation based on her admission was "too harsh." The State argues that this issue is unpreserved. We agree.

To preserve a complaint for our review, a party must first present the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). Also, the trial court

---

[1]On the underlying charge, Hayes entered an open plea of guilty and judicially confessed to intentionally or knowingly causing serious bodily injury to a child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.04(e).

2

must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2).

An appellant claiming a disproportionate sentence is not excused from preserving the error. *See Stewart v. LaGrand*, 526 U.S. 115, 119 (1999) (appellant waived Eighth Amendment complaint); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996); *Duren v. State*, 87 S.W.3d 719, 732 (Tex. App.—Texarkana 2002, pet. struck). Thus, "[a] constitutionality challenge based on application to the defendant's case cannot be raised for the first time on appeal." *Fluellen v. State*, 104 S.W.3d 152, 167 (Tex. App.—Texarkana 2003, no pet.) (citing *Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990); *Smith v. State*, 10 S.W.3d 48, 49 (Tex. App.—Texarkana 1999, no pet.)); *see Garcia v. State*, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994).

In this case, Hayes did not raise a disproportionate-punishment complaint when the trial court imposed her sentence, in a motion for new trial, or in any other type of post-verdict motion. Consequently, Hayes has forfeited her complaint that her sentence was grossly disproportionate. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd). As a reviewing court, we should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g) (per curiam); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). Since Hayes has not preserved this complaint, we overrule her sole point of error.

Yet, the judgment must be modified. The judgment indicates that Hayes pled guilty to the underlying offense in exchange for ten years' deferred adjudication and a $2,500.00 fine. However, the record shows that Hayes did not enter into a plea agreement with the State regarding

3

the adjudication. "Appellate courts 'have the authority to reform judgments and affirm as modified in cases where there is non-reversible error.'" *Walker v. State*, 557 S.W.3d 678, 689 (Tex. App.—Texarkana 2018, pet. ref'd) (quoting *Ferguson v. State*, 435 S.W.3d 291, 294 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments)). Accordingly, we delete the judgment's reference to a plea agreement.

We modify the judgment by deleting the phrase "Terms of Plea Bargain 10 years deferred adjudication; $2,500.00 fine." As modified, the trial court's judgment is affirmed.


Josh R. Morriss, III
Chief Justice

Date Submitted:     December 31, 2019
Date Decided:       January 15, 2020

Do Not Publish

4