**Steve Allen SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–99–00058–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Nov. 22, 1999.

Decided Nov. 23, 1999.

Lew Dunn, Attorney at Law, Longview, for appellant.

C. Patrice Savage, Asst. Dist. Atty., Longview, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Chief Justice CORNELIUS.

Steve Smith appeals from his conviction for possession of more than 400 grams of cocaine with intent to deliver. He pleaded guilty without a plea bargain. The court found him guilty and assessed his punishment at twenty-three years' imprisonment.

Smith contends that TEX. HEALTH & SAFETY CODE ANN. § 481.112(f) (Vernon Supp. 1999), under which he was convicted and sentenced, is unconstitutional. He contends that it violates U.S. CONST. amend. VIII[1] and TEX. CONST. art. I, § 13[2] because the punishment it authorizes is grossly disproportionate to the crime and as applied to him is inappropriate and therefore constitutes cruel and unusual punishment.

Smith did not preserve this contention for review. To preserve a complaint for appellate review, an appellant must present to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling desired. TEX.R.APP. P. 33.1(a)(1)(A); *Rhoades v. State,* 934 S.W.2d 113, 119 (Tex.Crim.App. 1996). In the absence of a timely objection or request, the complaint is waived. *Jackson v. State,* 989 S.W.2d 842, 847 (Tex. App.-Texarkana 1999, no pet.). Smith did not raise an objection to the sentence imposed.

Even if Smith had properly preserved error, we find that his punishment is not cruel or unusual within the meaning

---

1. "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

2. In relevant part, the provision states: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted."

of the Eighth Amendment to the United States Constitution or Article I, § 13 of the Texas Constitution.

Smith argues that a fundamental defect in the state statute is demonstrated because the range of punishment is from fifteen years to life, while in the federal system he could have been sentenced to a maximum of only twenty years' imprisonment for the same offense. Actually, the possible range of punishment under the federal statute for possession with intent to deliver a roughly similar amount of cocaine (500 grams) is five to forty years' imprisonment. 21 U.S.C.A. § 841(b)(1)(B) (West 1999). Smith argues that, even for a conviction under this federal statute, his punishment as recommended by the federal sentencing guidelines would be only fifty-one to sixty-three months.

The Texas statute provides a more severe punishment than the federal statute, but that does not necessarily render the punishment assessed either cruel or unusual. It merely means that federal and state legislators have a somewhat different view of the seriousness of the offense. As legislators of separate sovereigns, they are entitled to make their own judgments on the proper punishment for a violation of their respective laws.

The punishment assessed is within the range of punishment provided by the Texas Legislature. Texas courts have traditionally held that as long as the punishment is within the range established by the Legislature in a valid statute, the punishment assessed does not violate either the federal or Texas prohibitions against cruel and/or unusual punishment. *Jordan v. State,* 495 S.W.2d 949, 952 (Tex.Crim. App.1973); *Samuel v. State,* 477 S.W.2d 611, 614 (Tex.Crim.App.1972); *Jackson v. State,* 989 S.W.2d at 847. Likewise, we do not find that, because the state range of punishment is somewhat higher than that set by the federal statutes for a similar crime, the statute necessarily provides an unconstitutional punishment.

The judgment is affirmed.