

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00161-CR
### NO. 02-10-00162-CR

DAVID ALLEN RUSSELL                                        APPELLANT

V.

THE STATE OF TEXAS                                             STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

The trial court adjudicated Appellant David Allen Russell guilty of two counts of indecency with a child by contact in cause 0747847D and two counts of indecency with a child by contact in cause 0750351D on his pleas of true to allegations that he had violated the terms and conditions of his deferred adjudication community supervision. The trial court sentenced Russell to fifteen years' confinement in each cause. In a single issue, Russell argues that his

fifteen-year sentences violate the Eighth Amendment's prohibition against grossly disproportionate sentences.[1] We will affirm.

This court stated the following in *Kim v. State*:

> It is axiomatic that errors that are asserted on the part of the trial court must generally be brought to the trial court's attention in order to afford the trial court an opportunity to correct the error, if any. To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired.
>
> Kim's complaint about the alleged disproportionality of his sentence was not raised at the time it was imposed or in a motion for new trial. Therefore, he preserved nothing for our review.

283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd) (citations omitted).

Similarly, here, Russell did not assert any objection when the trial court sentenced him to fifteen years' confinement in each cause, nor did he file a motion for new trial in either cause raising the disproportionality argument that he asserts now in this appeal. Consequently, Russell failed to preserve this issue for appellate review.[2] *See id.*; *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding that appellant failed to preserve argument that sentence was grossly disproportionate to offense); *Wynn*

---

[1]Indecency with a child by contact, a second-degree felony, is punishable by a term of imprisonment of not more than twenty years or less than two years. Tex. Penal Code Ann. §§ 12.33(a), 21.11(d) (Vernon Supp. 2010).

[2]We decline Russell's unsupported invitation "to treat the Eighth Amendment issues similar to those regarding ineffective assistance of counsel."

*v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (same); *Smith v. State*, 10 S.W.3d 48, 49 (Tex. App.—Texarkana 1999, no pet.) (same); *Kahn v. State*, No. 05-08-01223-CR, 2010 WL 2293411, at *7–8 (Tex. App.—Dallas June 9, 2010, no pet.) (not designated for publication) (same); *see also Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."). We overrule Russell's sole issue and affirm the trial court's judgments.

BILL MEIER
JUSTICE

PANEL: DAUPHINOT, MEIER, and GABRIEL, JJ.

DAUPHINOT, J. filed a concurring opinion.

GABRIEL, J. concurs without opinion.

PUBLISH

DELIVERED: April 7, 2011



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00161-CR
## NO. 02-10-00162-CR

DAVID ALLEN RUSSELL                                                  APPELLANT

V.

THE STATE OF TEXAS                                                        STATE

----------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## CONCURRING OPINION

----------

For the reasons expressed in my concurrence to the majority opinion in

*Laboriel-Guity v. State*[1] and in my concurring and dissenting opinion to the

---

[1]No. 02-10-00175-CR, 2011 WL 167257, at *3–4 (Tex. App.—Fort Worth Jan. 13, 2011, pet. filed) (Dauphinot, J., concurring).

majority opinion in *Kim v. State*,[2] I cannot join the majority opinion's rationale here but must respectfully concur only in the result.

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED: April 7, 2011

---

[2] 283 S.W.3d 473, 476–79 (Tex. App.—Fort Worth 2009, pet. ref'd) (Dauphinot, J., concurring and dissenting).

2