02-10-161 & 162-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00161-CR

NO. 02-10-00162-CR

 

 


 
 
 David Allen Russell
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 396th
District Court OF Tarrant COUNTY

----------

 

OPINION

----------

 

          The
trial court adjudicated Appellant David Allen Russell guilty of two counts of
indecency with a child by contact in cause 0747847D and two counts of indecency
with a child by contact in cause 0750351D on his pleas of true to allegations
that he had violated the terms and conditions of his deferred adjudication
community supervision.  The trial court sentenced Russell to fifteen years’
confinement in each cause.  In a single issue, Russell argues that his fifteen-year
sentences violate the Eighth Amendment’s prohibition against grossly
disproportionate sentences.[1]  We will affirm.

          This
court stated the following in Kim v. State:

          It is
axiomatic that errors that are asserted on the part of the trial court must
generally be brought to the trial court’s attention in order to afford the
trial court an opportunity to correct the error, if any.  To preserve for
appellate review a complaint that a sentence is grossly disproportionate,
constituting cruel and unusual punishment, a defendant must present to the
trial court a timely request, objection, or motion stating the specific grounds
for the ruling desired.

 

          Kim’s
complaint about the alleged disproportionality of his sentence was not raised
at the time it was imposed or in a motion for new trial.  Therefore, he preserved
nothing for our review.

 

283
S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref’d) (citations omitted).

          Similarly,
here, Russell did not assert any objection when the trial court sentenced him
to fifteen years’ confinement in each cause, nor did he file a motion for new
trial in either cause raising the disproportionality argument that he asserts
now in this appeal.  Consequently, Russell failed to preserve this issue for
appellate review.[2]  See id.; Noland
v. State, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet.
ref’d) (holding that appellant failed to preserve argument that sentence was
grossly disproportionate to offense); Wynn v. State, 219 S.W.3d 54, 61
(Tex. App.—Houston [1st Dist.] 2006, no pet.) (same); Smith v. State, 10
S.W.3d 48, 49 (Tex. App.—Texarkana 1999, no pet.) (same); Kahn v. State,
No. 05-08-01223-CR, 2010 WL 2293411, at *7–8 (Tex. App.—Dallas June 9, 2010, no
pet.) (not designated for publication) (same); see also Mercado v. State,
718 S.W.2d 291, 296 (Tex. Crim. App. 1986) (“As a general rule, an appellant
may not assert error pertaining to his sentence or punishment where he failed
to object or otherwise raise such error in the trial court.”).  We overrule
Russell’s sole issue and affirm the trial court’s judgments.

 

 

 

BILL MEIER
JUSTICE

 

PANEL: 
DAUPHINOT,
MEIER, and GABRIEL, JJ.

 

DAUPHINOT,
J. filed a concurring opinion.

 

GABRIEL,
J. concurs without opinion.

 

PUBLISH

 

DELIVERED:  April 7, 2011





 
 
 
 
 
 


 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00161-CR

NO. 02-10-00162-CR

 

 


 
 
 David Allen Russell
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 396th
District Court OF Tarrant COUNTY

----------

 

        CONCURRING
OPINION

----------

 

          For
the reasons expressed in my concurrence to the majority opinion in Laboriel-Guity
v. State[3] and in my
concurring and dissenting opinion to the majority opinion in Kim v. State,[4]
I cannot join the majority opinion’s rationale here but must respectfully
concur only in the result.

 

 

 

LEE ANN DAUPHINOT

JUSTICE

 

PUBLISH

 

DELIVERED:  April 7, 2011

 









[1]Indecency with a child by
contact, a second-degree felony, is punishable by a term of imprisonment of not
more than twenty years or less than two years.  Tex. Penal Code Ann. §§ 12.33(a),
21.11(d) (Vernon Supp. 2010).





[2]We decline Russell’s
unsupported invitation “to treat the Eighth Amendment issues similar to those
regarding ineffective assistance of counsel.”





[3]No. 02-10-00175-CR, 2011
WL 167257, at *3–4 (Tex. App.—Fort Worth Jan. 13, 2011, pet. filed) (Dauphinot,
J., concurring).





[4]283 S.W.3d 473, 476–79 (Tex.
App.—Fort Worth 2009, pet. ref’d) (Dauphinot, J., concurring and dissenting).