

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00151-CR

_____

ANDREA DEMONT DEWBERRY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 7th District Court
Smith County, Texas
Trial Court No. 007-1095-12

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

While on traffic patrol in Smith County,[1] Texas, Department of Public Safety Trooper Trevor Phillips stopped a pickup truck for speeding. Phillps noticed a strong odor of marihuana coming from inside the vehicle and had the driver, Andrea Demont Dewberry, walk to the back of the truck. When Phillips asked Dewberry not to smoke, he threw a cigarette pack in the bed of the truck. Phillips searched the truck, but did not find any marihuana. When Phillips had Dewberry retrieve the cigarette pack, Dewberry picked it up and began putting the pack's contents, a green leafy substance believed to be marihuana, in his mouth. Phillips struggled with Dewberry, a foot chase ensued, but with the aid of an off-duty police officer, Dewberry was subdued and taken into custody.

Dewberry was charged with tampering with evidence, a third degree felony, which was enhanced to a second degree felony due to a previous felony conviction for murder. Dewberry entered an open plea of guilty to the charge and a plea of true to the enhancement allegation. The trial court sentenced him to eighteen years' confinement in the Texas Deparmtent of Criminal Justice Correctional Institutions Division.

On appeal, Dewberry contends that the trial court erred because the eighteen-year sentence violates the proportionality principle of the Eighth Amendment to the United States Constitution.

We affirm the trial court's judgment because no error was preserved for our review.

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

**I.      Dewberry Failed to Preserve Claimed Error of Disproportionate Sentence**

To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Noland v. State*, 264 S.W.3d 144, 152 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *Williams v. State*, 191 S.W.3d 242, 262 (Tex. App.—Austin 2006, no pet.); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *see* TEX. R. APP. P. 33.1; *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995). This is because "[a] constitutionality challenge based on application to the defendant's case cannot be raised for the first time on appeal." *Fluellen v. State*, 104 S.W.3d 152, 167 (Tex. App.—Texarkana 2003, no pet.) (citing *Briggs v. State*, 789 S.W.2d 918, 923 (Tex. Crim. App. 1990); *Smith v. State*, 10 S.W.3d 48, 49 (Tex. App.—Texarkana 1999, no pet.)); *see Garcia v. State*, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994). Error may be preserved for a disproportionate sentencing allegation by filing and presenting a motion for new trial raising the issue. *See Richardson v. State*, 328 S.W.3d 61, 72 (Tex. App.—Fort Worth 2010, pet. ref'd) (per curiam).

Here, the trial court sentenced Dewberry to eighteen years' confinement, but Dewberry failed to object. While Dewberry filed a motion for new trial, he failed to raise the issue of a

disproportionate sentence in that motion.[2]  Therefore, this issue was not preserved for our review.  We overrule this point of error.

We affirm the trial court's judgment.


Bailey C. Moseley
Justice

Date Submitted:     March 6, 2014
Date Decided:       April 9, 2014

Do Not Publish

---

[2]The motion for new trial only asserts that "there has been material error committed that is calculated to injure the rights of Defendant" and "both the guilt/innocence verdict and the punishment verdict are contrary to the law and the evidence on the case."