

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00265-CR

_____

RICTARICK TAMERO PALMER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 38611-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

In 2010, Rictarick Tamero Palmer entered an open plea of guilty to the offense of possession of marihuana in an amount greater than five pounds but less than fifty pounds. After hearing testimony, the trial court (1) sentenced Palmer to ten years' confinement and ordered him to pay a $1,000.00 fine, (2) suspended the sentence, and (3) placed Palmer on community supervision for a period of seven years. In 2013, the trial court found that Palmer had violated the terms and conditions of his community supervision. Accordingly, the trial court sentenced Palmer to seven years' confinement for the underlying offense and ordered him to pay a $554.00 fine. On appeal, Palmer argues that, because his sentence is grossly disproportionate to the crime of which he was convicted, it constitutes cruel and unusual punishment prohibited by the Eighth Amendment. We find that error has not been preserved. Because the judgment misspells Palmer's name, we modify the judgment to correct this clerical error and affirm the trial court's judgment as modified.

To preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule. TEX. R. APP. P. 33.1(a)(2).

An appellant claiming a disproportionate sentence is not excused from the necessity of error preservation. *See Stewart v. LaGrand*, 526 U.S. 115, 119 (1999) (appellant waived Eighth

2

Amendment complaint); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). Thus, "[a] constitutionality challenge based on application to the defendant's case cannot be raised for the first time on appeal." *Fluellen v. State*, 104 S.W.3d 152, 167 (Tex. App.—Texarkana 2003, no pet.) (citing *Briggs v. State*, 789 S.W.2d 918, 923 (Tex. Crim. App. 1990); *Smith v. State*, 10 S.W.3d 48, 49 (Tex. App.—Texarkana 1999, no pet.)); *see Garcia v. State*, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994).

We have reviewed the records of the trial proceeding and conclude that Palmer made no request, objection, or motion complaining of a disproportionate sentence. And, while this Court has held that a motion for new trial is an appropriate way to preserve this type of claim for review and while Palmer filed a motion for new trial, Palmer's motion for new trial made no mention of any claim of cruel and unusual punishment or disproportionate sentence. *See Williamson v. State*, 175 S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no pet.) (citing *Delacruz v. State*, 167 S.W.3d 904, 905 (Tex. App.—Texarkana 2005, no pet.)).

Here, Palmer did not raise a disproportionate punishment complaint when the trial court imposed his sentence, in a motion for new trial, or in any other type of post-verdict motion. Accordingly, Palmer has forfeited his complaint that his sentence is disproportionate. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009 pet. ref'd). As a reviewing court, we should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g) (per curiam); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). Accordingly, we overrule Palmer's sole point or error.

We must, however, modify the trial court's judgment in this case. We have authority to modify judgments to make the record speak the truth when the matter has been called to our attention by any source. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in trial court; we may act sua sponte and may have a duty to do so." *Rhoten*, 299 S.W.3d at 356 (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, writ ref'd)); *see French*, 830 S.W.2d at 609. Palmer spelled his first name as Rictarick in open court and on documents signed by Palmer that were filed in the clerk's record. However, the trial court's judgment misspells Palmer's first name as Rictaric. Accordingly, we modify the trial court's judgment to correct this clerical error.

We affirm the trial court's judgment, as modified.


Josh R. Morriss, III
Chief Justice


Date Submitted:     October 10, 2014
Date Decided:       October 28, 2014

Do Not Publish

4