

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00004-CR

LESLIE LEE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 42954-A

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

After she was caught shoplifting at a Walmart in Gregg County, Texas, Leslie Lee was indicted for state jail felony theft.[1]  *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2014).  Lee entered an open plea of guilty and after a hearing on punishment, the court sentenced her to six months' imprisonment.

On appeal, Lee argues that her sentence violated her Eighth Amendment[2] protections, based upon her allegation that the sentence she received was disproportionate to her crime.

We overrule Lee's point of error and affirm the trial court's judgment because Lee failed to preserve this issue for our review.

## I.      Lee Failed to Preserve her Claim that she Received a Disproportionate Sentence

In her sole point of error, Lee contends that her sentence violated her Eighth Amendment protections because the sentence was disproportionate to her crime.

To preserve a complaint for our review, a party must first present to the trial court a timely request, objection, or motion stating the specific grounds for the desired ruling if not apparent from the context.  TEX. R. APP. P. 33.1(a)(1).  Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or the complaining party must have objected to the trial court's refusal to rule.  TEX. R. APP. P. 33.1(a)(2).

---

[1]Lee had two prior misdemeanor convictions for theft, one being in 2006 and another in 2010.

[2]"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII.

An appellant claiming a disproportionate sentence is not excused from the necessity of error preservation. *See Stewart v. LaGrand*, 526 U.S. 115, 119 (1999) (per curiam) (appellant waived Eighth Amendment complaint); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). Thus, "[a] constitutionality challenge based on application to the defendant's case cannot be raised for the first time on appeal." *Fluellen v. State*, 104 S.W.3d 152, 167 (Tex. App.—Texarkana 2003, no pet.) (citing *Briggs v. State*, 789 S.W.2d 918, 923 (Tex. Crim. App. 1990); *Smith v. State*, 10 S.W.3d 48, 49 (Tex. App.—Texarkana 1999, no pet.)); *see Garcia v. State*, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994).

We have reviewed the records of the pretrial and plea proceedings and conclude that Lee made no request, objection, or motion complaining of a disproportionate sentence. Although this Court has held that a motion for a new trial is an appropriate way to preserve this type of claim for review and while Lee did, indeed, file a motion for a new trial,[3] that motion failed to mention any purported Eighth Amendment violation or other claim of a disproportionate sentence.[4] *See Williamson v. State*, 175 S.W.3d 522, 523–24 (Tex. App.—Texarkana 2005, no pet.) (citing *Delacruz v. State*, 167 S.W.3d 904, 905 (Tex. App.—Texarkana 2005, no pet.)).

Here, Lee failed to raise a disproportionate punishment complaint when the trial court imposed Lee's sentence, in a motion for a new trial, or in any other type of post-verdict motion.

---

[3]Lee's motion for a new trial claims that she "would show the Court that both the guilt/innocence verdict and the punishment verdict are contrary to the law and the evidence on [sic] the case."

[4]The Texas Constitution also prohibits the imposition of a disproportionate sentence in saying, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13.

Accordingly, Lee has forfeited her complaint that her sentence is disproportionate. *See Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009 pet. ref'd). As a reviewing court, we should not address the merits of an issue that has not been preserved for appeal. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g) (per curiam); *Sample v. State*, 405 S.W.3d 295, 300 (Tex. App.—Fort Worth 2013, pet. ref'd). Accordingly, we overrule Lee's sole point or error.

We affirm the judgment of the trial court.

Bailey C. Moseley
Justice

Date Submitted: August 13, 2015
Date Decided: September 1, 2015

Do Not Publish

4