

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-18-00695-CR & 04-18-00696-CR

Anthony **BROWN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2016CR6215 & 2016CR8118
The Honorable Mark Luitjen, Judge Presiding

Opinion by:    Irene Rios, Justice

Sitting:    Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: May 29, 2019

AFFIRMED

Anthony Brown appeals the trial court's judgments in the underlying causes revoking his community supervision and sentencing him to eight years' imprisonment with the sentences to run concurrently. The sole issue presented on appeal is whether the sentences constitute cruel and unusual punishment. We affirm the trial court's judgments.

## BACKGROUND

In trial court cause number 2016CR6215, Brown pled guilty to the offense of possession of a controlled substance. In accordance with a plea bargain agreement, Brown was sentenced on

November 28, 2016, to eight years' imprisonment, his sentence was suspended, and he was placed on four years' community supervision.

In trial court cause number 2016CR8118, Brown pled guilty to the offense of assault – family by choking/strangulation. In accordance with a plea bargain agreement, Brown was sentenced on November 28, 2016, to eight years' imprisonment, his sentence was suspended, and he was placed on four years' community supervision.

In February of 2017, the State filed a motion to revoke Brown's community supervision in each of the underlying causes which resulted in Brown's conditions of community supervision being amended on May 4, 2017 to require him to enroll in a battering intervention and prevention program. In January of 2018, the State filed a second motion to revoke Brown's community supervision in each of the underlying causes which the State later withdrew.

In July of 2018, the State filed a third motion to revoke Brown's community supervision. The State's motion alleged Brown committed the offense of theft, failed to report to his supervision officer, failed to pay certain fees and fines, and failed to complete community service hours. In cause number 2016CR8118, the State's motion also alleged Brown failed to complete the battering intervention and prevention program.

On September 11, 2018, the trial court held a hearing on the State's motion. During the hearing, the trial court heard testimony from Brown's supervision officer and the manager of the store where Brown allegedly committed the theft offense. Brown also testified and admitted he previously served time in prison for armed robbery in 1984, robbery in 1987, violation of South Carolina gun law in 1991, malicious injury to personal property in 1992, and armed robbery and conspiracy in 1997. In addition, Brown admitted he had six convictions for petty larceny and a theft conviction. Brown denied committing the theft alleged in the State's motion to revoke despite the testimony from the store manager. After hearing the evidence, the trial court found Brown

committed the offense of theft, failed to report to his supervision officer, failed to complete community service hours, and failed to complete the battering intervention and prevention program. The trial court then revoked Brown's community supervision and sentenced him to eight years' imprisonment for each cause with the sentences to run concurrently. Brown appeals.

## DISCUSSION

As previously noted, Brown's sole issue on appeal is that the sentences imposed by the trial court constitute cruel and unusual punishment.

In his brief, Brown acknowledges Texas courts have held an assertion that a sentence constitutes cruel and unusual punishment is waived for purposes of appellate review if no objection on that ground is made in the trial court or raised in a motion for new trial. *See Idowu v. State*, 73 S.W.3d 918, 921 n.9 (Tex. Crim. App. 2002) (citing *Smith v. State*, 10 S.W.3d 48, 49 (Tex. App.—Texarkana 1999, no pet.) (holding defendant waived complaint on appeal regarding cruel and unusual punishment because he did not object at trial to sentence imposed)); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (holding argument that sentence violated right against cruel and unusual punishment is waived absent an objection in the trial court). Citing a law review article, Brown argues for a change in the law. This court has previously rejected this same argument, noting we are bound to follow the precedent of the Texas Court of Criminal Appeals. *Farr v. State*, No. 04-18-00244-CR, 2018 WL 6624411, at *2 (Tex. App.—San Antonio Dec. 19, 2018, no pet.) (mem. op., not designated for publication). Accordingly, Brown has failed to preserve his complaint for our review.

Even if the complaint had been preserved, Brown's sentences fell within the range of punishment prescribed by the Texas Legislature. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (providing possession of a controlled substance of nature and amount Brown was convicted of possessing is third degree felony); TEX. PENAL CODE ANN. § 22.01(b)(2) (providing

assault of the nature Brown was convicted of committing is third degree felony); TEX. PENAL CODE ANN. § 12.34 (providing range of punishment for third degree felony is imprisonment of not more than ten years or less than two years). "Sentences that fall within the statutory limits are generally not considered excessive under the Eighth Amendment." *See Reynolds v. State*, 430 S.W.3d 467, 471 (Tex. App.—San Antonio 2014, no pet.). Although there is an exception to the general rule, *see id*. at 471–72, we do not further address Brown's issue since it was not preserved for our review.[1]

## CONCLUSION

The trial court's judgments are affirmed.

Irene Rios, Justice

DO NOT PUBLISH

---

[1] We also note Brown's brief does not undertake the comparative analysis necessary in deciding whether a sentence is grossly disproportionate. As the Texas Court of Criminal Appeals has explained:

> While the United States Supreme Court has acknowledged the lack of clarity in its precedent regarding what factors may indicate gross disproportionality, it has nevertheless emphasized that a sentence is grossly disproportionate to the crime only in the exceedingly rare or extreme case. Moreover, this Court has traditionally held that punishment assessed within the statutory limits, including punishment enhanced pursuant to a habitual-offender statute, is not excessive, cruel, or unusual.
>
> To determine whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses. In the rare case in which this threshold comparison leads to an inference of gross disproportionality, the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. If this comparative analysis validates an initial judgment that the sentence is grossly disproportionate, the sentence is cruel and unusual.

*State v. Simpson*, 488 S.W.3d 318, 322–23 (Tex. Crim. App. 2016) (internal citations omitted).