

**NUMBER 13-19-00302-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**ALLEN BYRD,** Appellant,

**v.**

**THE STATE OF TEXAS,** Appellee.

---

**On appeal from the 214th District Court
of Nueces County, Texas.**

---

## MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Tijerina
Memorandum Opinion by Justice Tijerina**

Appellant Allen Byrd appeals from the trial court's revocation of his community supervision.[1] By two issues, Byrd contends that the trial court violated his constitutional

---

[1] Pursuant to a plea agreement with the State, Byrd at a previously held proceeding pleaded guilty to indecency with a child by sexual contact, a second-degree felony. *See* TEX. PENAL CODE ANN. § 21.11.

rights "when it unnecessarily discouraged [him]" from representing himself at the revocation hearing and the punishment assessed was disproportionate to the seriousness of the alleged offense. *See* U.S. CONST. amend. VIII, XIV.  We affirm.

## I.  SELF-REPRESENTATION

By his first issue, Byrd contends that the trial court improperly discouraged him from representing himself at the revocation hearing by giving Byrd five minutes to consider whether he wanted to represent himself. Specifically, Byrd argues that instead of allowing him time to think about whether he wanted to represent himself, the trial court "should have moved on with the hearing and allow[ed] [him] to present whatever relevant evidence or argument he thought the court should consider during the findings and disposition phase of the MTR."

At the revocation hearing, the following colloquy occurred:

| | |
|---|---|
| [Byrd]: | I have spoken with [my trial counsel] and his ideals and mine are not quite the same. He seems to not want to present the case the way I need it presented because it's a motion to revoke. And the grounds that I have are pretty much and I have got my paperwork I would like to have filed with the Court and for you to look at my motions and to rule on them because that decides which way it goes. |
| The Court: | Okay. Mr. Byrd, let me explain something to you— |
| [Byrd]: | I'm sorry, I didn't mean to interrupt. |
| The Court: | I'll wait. |
| [Byrd]: | Well, the way I understood it that the person has a right to defend himself as his own counsel or to have assistance that is a Constitutional protection. Okay. Now, I have a gentlemen [sic] that is my, that has been helping me out with the case that I assume that is very knowledgeable about the law and |

---

The trial court deferred adjudication and placed Byrd on community supervision. At this proceeding, the trial court sentenced Byrd to three years' confinement.

2

has helped me out. Where, this gentlemen [sic] here all he wants to do is talk to the prosecutor and work some type of deal out when I am not guilty. And what I would like to do is present my evidence and then we can go from there. That's—I just want, as you know, Your Honor, this has been going on for 2 years, off and on. I have come into your courtroom when I first had this case. When this first case was on. My lawyer was [previous trial counsel] and I had him as a lawyer when the whole time I am the one, I guess you could call/say whistleblower. I am the one that wrote as you know to you, to the Bar Association about his conduct. I could not do anything about what I had—that plea I had taken as in the plea agreement as to take 5 years deferred because of his actions of fraud and deception practices which I have filed a complaint with the clerk.

I have also filed a motion because of fraud and deceptional practices with your clerk and also several other motions that I would like for you to look at and to rule on in order to even go—and I asked for a seize [sic] and assist [sic] order on the motion or the motion to revoke on the simple fact of this. If you would allow to read my motion then you would understand where I am going with this.

The Court:    If you allow me to respond.

[Byrd]:    Yes, ma'am.

The Court:    The first question, [your previous trial counsel] was not appointed by this Court, correct?

[Byrd]:    No ma'am, he was not.

The Court:    You retained [your previous trial counsel]?

[Byrd]:    Yes, ma'am.

The Court:    Second, I know you, sir are not an attorney.

[Byrd]:    No ma'am.

The Court:    So you are not aware that certain parts of the representation are dependent upon the client and certain part of the representation are strategic decision based on the lawyers decision making and experience.

3

Third of all, you said that you have a friend who is assisting you with this case, correct?

[Byrd]: Yes, ma'am.

The Court: Is you friend an attorney?

[Byrd]: He is a history of law, is all I know.

The Court: It's a very simple question.

[Byrd]: He is not a Bar Association lawyer, no.

The Court: So, let me explain something else to you. Before you incriminate that person in unlawful practice of the law which is an actual offense.

[Byrd]: So, what you are saying is you have to be a bar attorney in order to practice law?

The Court: I'm saying to practice law you must be a lawyer. To represent somebody you must be a lawyer.

[Byrd]: And a lawyer is a Bar Association lawyer or somebody—

The Court: At this point you asking me for legal advice and I—

[Byrd]: No ma'am. For clarification—

The Court: And I cannot do that.

So, you and I can't speak at the same time because the court reporter is taking it down. So I am going to give you an opportunity to speak.

[Byrd]: For clarification, ma'am. The Bar Association, from what I understand, didn't even come into play in the State of Texas until 1939. What did they do before 1939, I mean, was it just a lawyer? I mean, if you are studying law and I know that you saw—so what are you saying is that these lawyers are licensed by the State to practice law or I mean how are they—what's their authorization, I mean.

The Court: So, this is a very basic legal question. Again, you are asking me for a legal question. As a Judge I am not allowed to answer that, that's what we have the lawyers here for. If you would

4

like to fire your attorney, you may do so. And you do have a right to represent yourself. So, if you would like to go against an attorney licensed in the State of Texas, you are more than free to do so. Did I say something funny?

[Byrd]: No ma'am. This is not what I read in the law books, but I am not a lawyer.

The Court: I know that. [Your current trial counsel] is. So was [your two previous trial counsel].

[Byrd]: Okay. Can I have a little bit of time to think about this?

The Court: About 5 minutes.

[Byrd]: 5 minutes will be fine, I guess.

The trial court took a brief recess. When the trial court called the case, the trial court asked, "Mr. Byrd, at this time, are you proceeding with the representation of [your current trial counsel]?" Byrd responded, "Yes, ma'am."

"The law of invited error provides that a party cannot take advantage of an error that it invited or caused, even if such error is fundamental." *Woodall v. State*, 336 S.W.3d 634, 644 (Tex. Crim. App. 2011). The complaining party is thus "estopped from seeking appellate relief based on error that it induced" and "[t]o hold otherwise would be to permit him to take advantage of his own wrong." *Id*.

Byrd requested time to think about whether he wished to fire his trial counsel. And when the trial court offered him five minutes, Byrd agreed. Byrd affirmatively requested and agreed with the action of the trial court that he now claims was erroneous. Therefore, because Byrd sought the complained-of action, even if it was error for the trial court to grant him time to think about his options, Byrd is estopped from complaining about it on appeal. *See id*. We overrule Byrd's first issue.

## II.     DISPROPORTIONATE SENTENCE

5

By his second issue, Byrd contends that his punishment is disproportionate to the seriousness of the alleged offense. *See* U.S. CONST. amend. VIII, XIV. The State responds that Byrd failed to preserve this issue because he did not object in the trial court.

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." *Id*. amend. VIII. The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. *Id*. amend. XIV. This right and every constitutional or statutory right can be waived by a "failure to object." *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (concluding that by failing to object the appellant did not preserve an argument that the sentence was grossly disproportionate to the offense); *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (same); *Smith v. State*, 10 S.W.3d 48, 49 (Tex. App.—Texarkana 1999, no pet.) (same); *see Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."). To preserve a complaint of improper sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi–Edinburg 1989, pet. ref'd) (holding defendant waived cruel and unusual punishment argument by failing to object); *see* TEX. R. APP. P. 33.1.

Here, Byrd neither objected when the trial court pronounced the three-year sentence nor complained, in any post-trial motion, that the sentence was disproportionate, excessive, or violated the Eighth Amendment. *See* U.S. CONST. amend. VIII. Therefore, Byrd has failed to preserve this issue for our review. *See* TEX. R. APP. P. 33.1; *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151-52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479. Moreover, even had Byrd objected, a punishment falling within the limits prescribed by a valid statute, as in this case, is not excessive, cruel, or unusual.[2] *See Trevino*, 174 S.W.3d at 928. We overrule Byrd's second issue.

### III. CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of April, 2020.

---

[2] As previously noted, Byrd pleaded guilty to a second-degree felony and received a three-year sentence. The range of punishment for a second-degree felony is two to twenty years' confinement. *See* TEX. PENAL CODE ANN. § 12.33.