

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00157-CR
No. 02-21-00158-CR

_____

NATALIE DIONNE NANCE A/K/A NATALIE DENISE NANCE, Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court Nos. 1579431D, 1589172D

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

After pleading guilty to fraudulent use or possession of identifying information, *see* Tex. Penal Code Ann. § 32.51, and to possession of a controlled substance (methamphetamine) of 4 grams or more and less than 200 grams, *see* Tex. Health & Safety Code Ann. § 481.115(a), (d), Appellant Natalie Nance was placed on deferred adjudication. At a later probation revocation hearing, Appellant was adjudicated guilty of both offenses, and she was sentenced to a 6-month term of confinement for the fraudulent use or possession of identifying information offense and a 5-year term of confinement for the possession of methamphetamine.

Nance raises one point on appeal—that the sentence assessed was grossly disproportionate to the offense and therefore violative of the Eighth Amendment prohibition against cruel and unusual punishment. Because Nance forfeited her complaint on appeal by failing to preserve error for our review, we affirm.

We have consistently held that to preserve error on a grossly disproportionate sentence complaint, a defendant must raise that complaint in the trial court at the time the sentence was imposed or, at the latest, in a motion for new trial.[1] *Sample v. State*,

---

[1]Several of our sister courts have also so held. *See Caudill v. State*, No. 07-19-00331-CR, 2021 WL 2979036, at *2 (Tex. App.—Amarillo 2021, no pet.) (mem. op., not designated for publication); *Simmons v. State*, No. 03-14-00707-CR, 2017 WL 1130372, at *4 (Tex. App.—Austin 2017, no pet.) (mem. op., not designated for publication); *Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet ref'd); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th

405 S.W.3d 295, 304–05 (Tex. App.—Fort Worth 2013, pet ref'd); *Russell v. State*, 341 S.W.3d 526, 527–28 (Tex. App.—Fort Worth 2011, no. pet.); *Laboriel-Guity v. State*, 336 S.W.3d 754, 756 (Tex. App.—Fort Worth 2011, pet ref'd); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd). Here, Nance did neither. Error, if any, was forfeited.[2]

Having held that error was not preserved for our review, we overrule Nance's sole point and affirm the trial court's judgments.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

---

Dist.] 2001, pet. ref'd); *Smith v. State*, 10 S.W.3d 48, 49 (Tex. App.—Texarkana 1999, no pet.).

[2]Even if Nance had preserved error on this point, we note that both the 5-year term of confinement for the possession of controlled substance offense and the 6-month term of confinement for the fraudulent use or possession offense are not only well within the punishment ranges for these offenses but also fall on the low end of the applicable ranges. *See* Tex. Health & Safety Code Ann. § 481.115(d) (classifying offense of possession of a controlled substance of 4 grams or more but less than 200 grams as second-degree felony); Tex. Penal Code Ann. §§ 12.33(a) (providing a sentence range between 2 years and 20 years for second-degree felony offense), 12.35(a) (providing a sentence range between 180 days and 2 years for state jail felony offense). As the Texas Court of Criminal Appeals has explained, trial courts have "essentially 'unfettered'" discretion to impose any punishment within the prescribed statutory range. *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (quoting *Miller-El v. State*, 782 S.W.2d 892, 895 (Tex. Crim. App. 1990)). And, except under "very limited, 'exceedingly rare'" circumstances, a punishment that is imposed within the statutory limit is "unassailable on appeal." *Id.* at 323–24 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 73, 123 S. Ct. 1166, 1173 (2003)). This is not a case that presents any exceedingly rare circumstances.

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  July 7, 2022