

# NUMBERS 13-21-00128-CR & 13-21-00129-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

SETH MCCLELAND A/K/A
SETH IZAYA MCCLELAND,                                        **Appellant,**

**v.**

THE STATE OF TEXAS,                                            **Appellee.**

---

### On appeal from the 319th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Tijerina

In appellate cause numbers 13-21-00128-CR and 13-21-00129-CR, appellant Seth McCleland a/k/a Seth Izaya McCleland challenges the trial court's revocation of his community supervision and adjudication of guilt of two counts of burglary of a habitation, a second-degree felony. *See* TEX. PENAL CODE ANN. § 30.02(c)(2). The trial court

sentenced him to ten years' confinement on each count to run concurrently. By two issues, McCleland contends that the trial court deprived him of his due process rights by concluding that he committed two violations of his community supervision after not allowing him to present evidence and that the punishment imposed was disproportionate to the seriousness of the alleged offense in violation of the Eighth and Fourteenth Amendments to the United States Constitution. We affirm.

## I.   BACKGROUND

McCleland pleaded guilty to two counts of burglary of a habitation in appellate cause numbers 13-21-00128-CR and 13-21-00129-CR, and in both causes, the trial court placed him on deferred adjudication community supervision for six years to run concurrently. Subsequently, the State filed its first motion to revoke; however, the trial court continued McCleland on community supervision.[1] The State then filed another motion to revoke on the basis that McCleland violated the terms of community supervision in both causes by: (1) committing two separate offense of unauthorized use of a motor vehicle on the same day; (2) failing to serve "a term of confinement and treatment in a State of Texas Contracted Intermediate Sanction Facility for a period of not less than 45 days or more than 120 days (Substance Abuse Track)" and failing to "cooperate with and

---

[1] The terms of McCleland's community supervision included the following:

The defendant shall serve a term of confinement and treatment in a State of Texas Contracted Intermediate Sanction Facility for a period of not less than 45 days or more than 120 days (Substance Abuse Track) and the defendant shall cooperate with and complete all intermediate sanction facility program requirements and abide with all rules and regulations of said facility. It is the Court's Order that said defendant may be released in a manner and on a date determined jointly by the intermediate sanction facility director and the Director of the Community Supervision and Corrections Department or their designees.

complete all intermediate sanction facility program requirements and abide with all rules and regulations of said facility . . . . To wit: [McCleland] violated program rules and was unsuccessfully discharged from the program on or about 1/15/20"; and (3) failing to "serve a term of confinement and treatment in a State of Texas Contracted Intermediate Sanction Facility for a period of not less than 45 days or more than 120 days (Cognitive Track)" and failing to "cooperate with and complete all intermediate sanction facility program requirements and abide with all rules and regulations of said facility . . . . To-wit: [McCleland] violated program rules and was unsuccessfully discharged from the program on or about 1/15/20."

McCleland pleaded "true" to the second and third allegations in both causes. The trial court asked McCleland if he pleaded "true" to the two allegations regarding unauthorized use of a motor vehicle, McCleland stated he wished to invoke his right to remain silent. However, McCleland testified on his own behalf. The trial court found the State's allegations true, revoked community supervision, adjudicated McCleland guilty, and sentenced him to two concurrent terms of ten years' confinement. These appeals followed.

## II. DUE PROCESS

By his first issue, McCleland claims the trial court concluded that he committed two offenses of unauthorized use of a motor vehicle in violation of his community supervision without allowing him to present evidence. However, at the revocation hearing, the trial court asked McCleland if he was pleading "true" to those two allegations, and he responded that he wished to invoke his right to remain silent. Thus, there is nothing in the

3

record indicating that the trial court prevented McCleland from presenting evidence. Moreover, the record shows that the trial court allowed McCleland an opportunity to present evidence and that McCleland testified at the revocation hearing. Specifically, the trial court asked McCleland's trial counsel, "[D]id you want to . . . say or put into evidence in regards to disposition?" McCleland's trial counsel replied, "I'll just call Mr. McCleland to testify." McCleland then testified.[2] Accordingly, McCleland's first issue that the trial court violated his right to due process is without merit. We overrule McCleland's first issue.[3]

### III. DISPROPORTIONATE SENTENCE

By his second issue, McCleland contends that the punishment assessed by the trial court was disproportionate to the seriousness of the alleged offenses in violation of the Eighth and Fourteenth Amendments of the United States Constitution. U.S. CONST. amends. VIII, XIV. The State responds that this issue was not preserved.

The Eighth Amendment of the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines, nor cruel and unusual punishment inflicted." *Id.* amend. VIII. The Eighth Amendment applies to punishments imposed by state courts through the Due Process Clause of the Fourteenth Amendment. *Id.* amend. XIV. This

---

[2] On cross-examination by the State, the State asked McCleland if he violated the terms of community supervision, and McCleland replied, "Yeah. I violated my probation, yes, ma'am."

[3] McCleland pleaded "true" to the State's other two allegations that he violated the terms of his community supervision. Revocation is supported if there is proof that there is at least one violation. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012) ("[P]roof of a single violation will support revocation." (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980))). Moreover, a plea of true standing alone supports the trial court's decision to revoke community supervision. *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979); *Jones v. State*, 112 S.W.3d 266, 268 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.); *see also Flores v. State*, No. 13-19-00647-CR, 2020 WL 5056528, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 27, 2020, no pet.) (mem. op., not designated for publication). Therefore, even if there had been a due process violation, the error would have been harmless. *See* TEX. R. APP. P. 44.2(a).

4

right and every constitutional or statutory right can be waived by a "failure to object." *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986); *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *see Noland v. State*, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (concluding that by failing to object the appellant did not preserve an argument that the sentence was grossly disproportionate to the offense); *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Smith v. State*, 10 S.W.3d 48, 49 (Tex. App.—Texarkana 1999, no pet.) (same); *see also Mercado v. State*, 718 S.W.2d 291, 296 (Tex. Crim. App. 1986) ("As a general rule, an appellant may not assert error pertaining to his sentence or punishment where he failed to object or otherwise raise such error in the trial court."); *Martinez v. State*, No. 13-02-508-CR, 2003 WL 22681385, at *4 (Tex. App.—Corpus Christi–Edinburg Nov. 13, 2003, pet. ref'd) (mem. op., not designated for publication). To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new trial. *Kim*, 283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino v. State*, 174 S.W.3d 925, 927–28 (Tex. App.—Corpus Christi–Edinburg 2005, pet. ref'd); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.—Corpus Christi–Edinburg 1989, pet. ref'd) (holding defendant waived cruel and unusual punishment argument by failing to object); *see* TEX. R. APP. P. 33.1.

Here, McCleland neither objected when the trial court pronounced the ten-year sentences nor complained in any post-trial motion that the sentences imposed were disproportionate, excessive, or violated the Eighth Amendment. Therefore, McCleland failed to preserve this issue for our review in both causes. *See* TEX. R. APP. P. 33.1; *Kim*,

283 S.W.3d at 475; *Noland*, 264 S.W.3d at 151–52; *Trevino*, 174 S.W.3d at 927–28; *Quintana*, 777 S.W.2d at 479. Moreover, even had McCleland objected, a punishment falling within the limits prescribed by a valid statute, as in this case, is not excessive, cruel, or unusual. *See Trevino*, 174 S.W.3d at 928. We overrule McCleland's second issue.

## IV. CONCLUSION

We affirm the trial court's judgments in both causes.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
2nd day of December, 2021.

6